**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2009

Charles R. Fulbruge III
Clerk

No. 08-50897
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GUADALUPE RAMIREZ-ROSALES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-749-ALL

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Guadalupe Ramirez-Rosales (Ramirez) pleaded guilty to the charge of being an alien found unlawfully in the United States following a previous deportation. Because Ramirez had a prior conviction for a felony drug-trafficking offense, her base offense level was increased by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A). The district court sentenced Ramirez within the applicable guidelines range to 41 months of imprisonment and a three-year term

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of nonreporting supervised release. Ramirez filed a timely notice of appeal and now challenges the sentence imposed.

Ramirez concedes that this court ordinarily applies a presumption of reasonableness to within-guidelines sentences. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Citing *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2007), she contends that the presumption should not apply in this case because § 2L1.2 is not empirically supported.

The question presented in *Kimbrough* was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve [18 U.S.C.] § 3553(a)'s purposes, even in a mine-run case." *Id.* at 575. In *Kimbrough*, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in *Campos-Maldonado*, 531 F.3d at 338-39. The appellate presumption is therefore applicable in this case.

Ramirez also contends that her 41-month sentence was greater than necessary to accomplish the goals of sentencing listed in § 3553(a)(2). She points out that the instant offense did not involve violent conduct and did not pose a danger to others. She further contends that the offense was not inherently evil and "was, at bottom, an international trespass." She also asserts that the applicable guidelines range double counted her prior drug trafficking conviction because it resulted in both a 16-level enhancement under § 2L1.2 and an increase in her criminal history score. She has abandoned on appeal her

argument regarding cultural assimilation. *See United States v. Lucien*, 61 F.3d 366, 370 (5th Cir. 1995). She also concedes that her argument that she deserved a lesser sentence based on the disparity that results from fast track early disposition programs is foreclosed by *Gomez-Herrera*, 523 F.3d at 557-64.

The district court heard Ramirez's request for a sentence below the guidelines range, but the court pointed out that Ramirez illegally reentered this country not long after being released from prison. Also, the district court was disturbed by Ramirez's notion that the desire to be with her children justified her illegal reentry offense. The district court ultimately determined in its discretion that a sentence within the guidelines range was appropriate. Under those circumstances, Ramirez has not shown that the district court abused its discretion in selecting a sentence or, consequently, that the within-guidelines sentence imposed is unreasonable. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. Newson*, 515 F.3d 374, 379 (5th Cir.), *cert. denied*, 128 S. Ct. 2522 (2008).

AFFIRMED.