**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2009

Charles R. Fulbruge III
Clerk

No. 09-40090
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL ISAAC CU-YANES, also known as Daniel Isaac Cu-Yanez, also known as Edgar Geovanni-Lopez, also known as Edgar Geovanni Guzman,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-701-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Daniel Cu-Yanes appeals his 60-month sentence imposed following his guilty plea conviction to being found unlawfully in the United States following deportation. Cu-Yanes argues that his sentence is procedurally and substantively unreasonable.

In imposing sentence, a district court must properly calculate and consider the guidelines sentencing range, along with the sentencing factors set

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

forth in § 3553(a).[1] The appellate court must determine whether the district court committed any significant procedural error, such as failing to to consider the § 3553(a) factors.[2]

For the first time on appeal, Cu-Yanes asserts that the district court failed to properly consider the § 3553(a) factors. Though he did argue that the sentence was greater than necessary, that contention did not raise an issue regarding the procedural reasonableness of a sentence.[3] Thus, we review the procedural reasonableness of Cu-Yanes's sentence for plain error only.[4] The record reflects that the district court acknowledged that Cu-Yanes was seeking a downward departure based on the facts underlying his prior conviction and indicated that counsel's argument was the reason that it was imposing a sentence at the low end of the guidelines range. Accordingly, the district court considered Cu-Yanes's arguments in imposing sentencing and provided a reasoned basis for its decision.[5]

The district court also considered Cu-Yanes's history of unlawfully entering the United States on several occasions without receiving any criminal penalty, as well as his three prior deportations; as a result, it determined that there was a need to impose a sentence adequate to deter Cu-Yanes from future illegal conduct and to protect the public. The record reflects that the district court properly considered the § 3553(a) factors. Even assuming that there was an omission by the district court that constituted "error," Cu-Yanes has not shown that his substantial rights were affected because he did not prove that the

---

[1] *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005).

[2] *United States v. Gall*, 522 U.S. 38, 128 S. Ct. 586, 597 (2007).

[3] *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099).

[4] *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

[5] *Rita v. United States,* 551 U.S. 338, 356 (2007).

error affected the sentencing outcome.[6] The district court indicated that, but for counsel's argument, it would have imposed a higher sentence, and it stated emphatically that it would not impose a sentence below sixty months. Cu-Yanes has not shown a procedural error that renders the sentence unreasonable.

Cu-Yanes argues that the sentence was substantively unreasonable because it was greater than necessary to effectuate the purposes of sentencing. He argues that the district court should have departed downward or made a downward variance because the sixteen-level enhancement of his offense level was only technically applicable in light of the mitigating circumstances surrounding his prior offenses.

In reviewing a sentence, this court should "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."[7] A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."[8] The district court considered Cu-Yanes's arguments and, as discussed above, gave proper weight to the § 3553(a) factors. The decision to impose a within-the-guidelines sentence, along with the district court's reasons for denying the downward departure or variance, indicates that the district court determined that Cu-Yanes's case was a typical case in which the Guidelines provided the appropriate sentence in light of the § 3553(a) factors.[9] Cu-Yanes has not rebutted the presumption that his sentence at the lower end of the guideline range was reasonable. Based on the totality of the circumstances, the district court did not abuse its discretion in imposing the 60-month sentence.[10]

---

[6] *Mondragon-Santiago*, 564 F.3d at 364–65.

[7] *Gall*, 128 S. Ct. at 597.

[8] *Campos-Maldonado*, 531 F.3d at 338.

[9] *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

[10] *Gall*, 128 S. Ct. at 597.

Cu-Yanes preserves an argument that the presumption of reasonableness should not apply to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because the sixteen-level enhancement provided therein was not the result of empirical evidence or a study. He acknowledges that this argument is foreclosed by this court's precedent.[11]

The sentence is AFFIRMED.

---

[11] *See Mondragon-Santiago*, 564 F.3d at 366–67.