IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-20070
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO CESAR ALVARADO-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-133-ALL

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:*

Julio Cesar Alvarado-Garcia appeals the sentence imposed following his conviction on a guilty plea to: one count of conspiracy; one count of possession with intent to distribute more than 100 kilograms of marijuana; and, one count of possession of a firearm by an illegal alien. The district court sentenced

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alvarado, *inter alia*, to 70 months of imprisonment on each count of conviction, to run concurrently.

For the first time on appeal, Alvarado asserts his within-guidelines sentence is procedurally unreasonable because the district court failed to adequately explain and justify why it rejected his mitigating arguments for a sentence below the guidelines range. Because these contentions were not presented in district court, our review is only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, ___ S. Ct. ___, 2009 WL 1849974 (2009). Reversible plain error exists where a clear or obvious error affects the defendant's substantial rights. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009); *see also Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even then, we have discretion whether to correct such an error and generally will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Baker*, 538 F.3d at 332.

As Alvarado acknowledges, nothing in the record indicates his sentence would have been different had the district court provided more explanation for its choice of sentence. Alvarado has thus failed to demonstrate error affecting his substantial rights and concedes this contention is foreclosed by our decision in *Mondragon-Santiago*. *See* 564 F.3d at 364–65.

Alvarado also challenges the substantive reasonableness of his sentence, contending it is greater than necessary to effectuate the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Arguably, this contention is also reviewed only for plain error. Under either standard of review, however, it fails.

At sentencing, the district court considered the advisory sentencing guidelines range, the § 3553(a) factors, the information in the presentence investigation report, and the arguments presented by the parties. After granting Alvarado a two-point minor-role reduction in his offense level, which resulted in

a lower advisory sentencing guidelines range, the court determined that a sentence at the bottom of this new range was appropriate.

On review, Alvarado's within-guidelines sentence is accorded a rebuttable presumption of reasonableness. *United States v. Newson*, 515 F.3d 374, 379 (5th Cir.) (citing *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006)), *cert. denied*, 128 S. Ct. 2522 (2008). Alvarado has not overcome this presumption; nor, as noted, does he establish that the district court abused its discretion or committed plain error by declining to impose a sentence below his guidelines range. *See id.*

AFFIRMED.