**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2009

Charles R. Fulbruge III
Clerk

No. 09-20259
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO SAUCEDA, also known as Francisco Saucedo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-158-1

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Francisco Sauceda pleaded guilty to a single count of illegal reentry after deportation. *See* 8 U.S.C. § 1326. He appeals his sentence of 57 months' imprisonment, claiming: the district court erred by refusing to grant him an acceptance-of-responsibility reduction under Sentencing Guideline § 3E1.1(a); and, it abused its discretion by upwardly departing two criminal history

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

categories and by imposing the highest sentence within the resulting Guidelines range.

Although post-*Booker*, the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Regarding the district court's refusing to grant an acceptance-of-responsibility reduction, its decision is reviewed "with even greater deference" than clear-error review. *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007). A denial of a reduction under § 3E.1.1 will not be reversed unless the decision is "without foundation". *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir.), *cert. denied*, 128 S. Ct. 2452 (2008).

Sauceda quickly stated his desire to plead guilty and admitted the facts underlying his offense. His other statements and actions before the district court, however, failed to demonstrate the required "sincere contrition". *United States v. Beard*, 913 F.2d 193, 199 (5th Cir. 1990); *see also United States v. Le*, 512 F.3d 128, 134 (5th Cir. 2007) (holding guidelines enhancement could be affirmed on any basis supported by the record), *cert. denied*, 129 S. Ct. 55 (2008). Accordingly, Sauceda has not shown the district court's decision was without foundation.

The district court's departing upwardly and sentencing Sauceda at the top of the resulting Guidelines range was pursuant to U.S.S.G. § 4A1.3, p.s. (allowing an upward departure where criminal history category inadequately represents "the seriousness of the defendant's criminal history") and 18 U.S.C. § 3553(a) (providing factors to be considered in imposing a sentence). Sauceda

maintains the departure was not reasonable and that the district court abused its discretion. Our court reviews upward departures for reasonableness, which requires that we review "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion". *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted). A within-Guidelines sentence, however, is entitled to a rebuttable presumption of reasonableness. *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

Sauceda contends the district court erred by considering his "prior arrest record". Although consideration of prior arrests, without more, is specifically prohibited by the Guidelines as a ground for an upward departure, U.S.S.G. § 4A1.3(a)(3), the record shows the district court considered Sauceda's extensive record of prior convictions, *not* his other arrests. Sauceda has not shown an abuse of discretion in the district court's decision to depart upwardly or the extent of that departure, nor has he overcome the presumption of reasonableness afforded his resulting within-Guidelines sentence.

AFFIRMED.