# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 30, 2010

No. 09-40495
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SANTOS BALMACEDA-GOMEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-1346-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Santos Balmaceda-Gomez appeals the thirty-month sentence imposed
following his guilty plea conviction for attempted illegal reentry after having
previously been deported. He argues that the Government incorrectly applied
the Sentencing Guidelines because it declined to file a motion pursuant to
U.S.S.G. § 3E1.1(b) to award him an additional one-level decrease for acceptance
of responsibility. He also argues that the district court erred in applying an
eight-level aggravated felony enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C)

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

based on a previous Delaware conviction for possession of cocaine within 1000 feet of a school.

When reviewing the Government's refusal to file a Section 3E1.1(b) motion, we assess whether the refusal was based on an unconstitutional motive or was not rationally related to a legitimate governmental purpose. *See United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008). A defendant is not entitled to a Section 3E1.1(b) decrease unless the Government files a motion requesting the adjustment. *Id*. at 378. In addition, a defendant's refusal to waive his right to an appeal is a legitimate basis rationally related to the purposes of § 3E1.1(b). *Id*. Balmaceda-Gomez does not allege that the Government had an unconstitutional motive, but asserts that the decision was not rationally related to a legitimate purpose because he was not offered and, thus, could not have refused, a plea agreement containing a waiver of appeal provision.

Balmaceda-Gomez did not inform the district court that no plea agreement was offered nor did he indicate his willingness to waive his right to appeal. He was silent even when the district court noted its belief that the Government's refusal to file a Section 3E1.1(b) motion was proper in light of the fact that it would have to defend the sentence on appeal. Moreover, to the extent that Balmaceda-Gomez argues that the Government erred in refusing to file the Section 3E1.1(b) motion because he did not put it through the burden of preparing for trial, the argument is also without merit. Balmaceda-Gomez did not reveal an intent to plead guilty until the day after his jury trial was scheduled. Avoiding the burden of preparing for trial is also a legitimate basis rationally related to the purposes of Section 3E1.1(b). *See* § 3E1.1(b); *Newson*, 515 F.3d 377-78.

Balmaceda-Gomez argues that his Delaware conviction pursuant to Title 16, § 4767(a)(1) of the Delaware Code of 1974, although classified by the state as a felony, was for mere possession and does not qualify as a drug trafficking offense under the Controlled Substances Act. Therefore, the district court erred

in applying the eight-level aggravated felony enhancement pursuant to Section 2L1.2(b)(1)(C). Balmaceda-Gomez did not raise this argument in the district court. Accordingly, review is for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). To show plain error, the appellant must show an obvious forfeited error that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Wilmington, Delaware police discovered over 126 grams of cocaine in Balmaceda-Gomez's home, which was located within 1000 feet of a school. We have held that the possession of a large quantity of drugs is by itself sufficient to indicate an intent to distribute. *See United States v. Hernandez-Beltran*, 867 F.2d 224, 226 (5th Cir. 1989). Therefore, Balmaceda-Gomez's conduct formed the basis of a federal aggravated felony charge. *See* 21 U.S.C. §§ 841(a)(1) & 860(a); *United States v. Wake*, 948 F.2d 1422, 1430-31 (5th Cir. 1991) (construing Section 860 to proscribe possession, within 1000 feet of a school, of a quantity of a controlled substance sufficient to evidence an intent to distribute).

The judgment of the district court is AFFIRMED.