# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2010

Lyle W. Cayce
Clerk

No. 09-30433
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAUL VINCENT GUILLIOT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CR-334-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Saul Vincent Guilliot pleaded guilty to one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and was sentenced to 151 months in prison, a term at the top of the advisory guidelines range of 121 to 151 months.  On appeal, he contends that (1) the district court committed procedural error when it deferred to the child pornography Guideline, U.S.S.G. § 2G2.2, because the Guideline is not empirically based, and (2) the district court imposed a substantively unreasonable sentence which reflected an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unwarranted sentencing disparity and which was greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).

We review sentences for reasonableness in light of the factors set out in § 3553(a). *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). First, the court must first ensure that the district court did not commit any significant procedural error in the sentencing process. *Id.* If the sentence is procedurally sound, the court considers the substantive reasonableness of the sentence under a deferential abuse of discretion standard. *Id.* If the district court imposes a sentence within a properly calculated guidelines range, there is a rebuttable presumption that the sentence is reasonable. *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). The district court's application of the Guidelines is reviewed de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Guilliot's procedural attack to the empirical basis underlying § 2G2.2 is unavailing. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). His substantive reasonableness argument is likewise unavailing. The record reflects that the district court considered the § 3553(a) factors and the parties' arguments in reaching its sentencing decision. Guilliot's arguments fail to overcome the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). Furthermore, his belief that the mitigating factors presented for the court's consideration at sentencing should have been balanced differently is insufficient to disturb the presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.