# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 11, 2010

Lyle W. Cayce
Clerk

No. 09-50967
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ARISTONDO-MAGANA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-317-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Aristondo-Magana (Aristondo) pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326. The district court sentenced Aristondo to 54 months of imprisonment, which was within the guidelines imprisonment range of 46 to 57 months. Aristondo now appeals, arguing that his sentence, which includes a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) (2008) because he was previously deported following a crime of violence conviction, is unreasonably long and greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a). He also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the Guidelines that govern illegal reentry offenses lack an empirical foundation and thus deprive his sentence of a presumption of reasonableness on appeal.

In Aristondo's case, the district court made an individualized sentencing decision based on the facts of the case in light of the factors set out in § 3553(a). *See Gall v. United States*, 128 S. Ct. 586, 596 (2007). The district court's conclusion that a within-guidelines sentence is appropriate is entitled to deference, and we presume that it is reasonable. *Id.* at 597; *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). The district court was in a superior position to find facts and assess their import under § 3553(a), *Gall*, 552 U.S. at 597-98, and we see no reason to disturb the district court's discretionary decision to impose a sentence within the guidelines range. Furthermore, as Aristondo concedes, his argument that the appellate presumption of reasonableness is inapplicable due to the lack of an empirical basis in the Guidelines governing illegal reentry offenses is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

AFFIRMED.