# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2010

No. 09-51020
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KUITLAHUA GARCIA-HERRERA, also known as Jesus Garcia-Herrera,

Defendant-Appellant

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1576-1

---

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Kuitlahua Garcia-Herrera appeals the 46-month sentence imposed following his guilty plea conviction for illegal reentry following deportation. Garcia-Herrera contends that the within-guidelines sentence was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and was therefore substantively unreasonable. He specifically argues U.S.S.G. § 2L1.2 was established in a problematic manner and effectively double-counts his criminal history. He also contends that his illegal reentry offense merely

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constituted international trespass and that the guidelines range failed to reflect his personal history and characteristics, including his benign motive for reentering the United States. Garcia-Herrera further asserts that his sentencing range was unreasonable because the district court did not consider the unwarranted sentencing disparity between defendants sentenced in the Western District of Texas, which does not have a fast-track program, and defendants sentenced in districts that do have such a program

This court reviews the sentence for reasonableness, under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Where, as in this case, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness. *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

Garcia-Herrera's contention that § 2L1.2 is not supported by empirical data and effectively double counts a defendant's criminal history has been rejected by this court. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). This court also has determined that the "international trespass" argument raised by Garcia-Herrera does not justify disturbing an otherwise presumptively reasonable sentence. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Furthermore, as Garcia-Herrera concedes, we have held that the disparity between districts with fast-track programs and districts without them is not unwarranted. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008).

The district court made an individualized sentencing decision based on the facts of the case in light of the factors set out in § 3553(a). *See Gall*, 552 U.S. at 49-50. The district court's conclusion that a within-guidelines sentence is appropriate is entitled to deference, and we presume that it is reasonable. *Id.* at 51-52; *Newson*, 515 F.3d at 379. We see no reason to disturb the district court's discretionary decision to impose a sentence within the guidelines range.

AFFIRMED.