# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 30, 2010

No. 10-50014
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUADALUPE OLMOS-OLVERA, also known as Juan Garcia-Alvarado, also known as Guadalupe Olvera Olmos, also known as Guadalupe Olmos, also known as Antonio Alvarado, also known as Guadalupe Garcia, also known as Guadalupe Olvera-Olmos, also known as Guadalupe Ramos-Olmos, also known as Guadalupe Filiberto Olmos,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-452-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Guadalupe Olmos-Olvera (Olmos) pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326. The district court sentenced Olmos to 96 months of imprisonment, which was within the advisory guidelines imprisonment range of 77 to 96 months. The calculation of this range included a 16-level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement under U.S.S.G. § 2L1.2(b)(1)(A) because Olmos was previously deported following a conviction for a crime of violence. He now appeals, arguing that his sentence is unreasonably long and greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a). He also argues that the guidelines that govern illegal reentry offenses lack an empirical foundation and thus deprive his sentence of a presumption of reasonableness on appeal.

The district court heard Olmos's arguments in mitigation of his sentence and nevertheless concluded that a within-guidelines sentence was appropriate in light of the facts before it. That conclusion is entitled to deference, and we presume it is reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). The district court was "in a superior position to find facts and assess their import under § 3553(a)," *Gall*, 552 U.S. at 51, and we see no reason to disturb the district court's discretionary decision to impose a sentence within the guidelines range. Furthermore, as Olmos concedes, his argument that the appellate presumption of reasonableness is inapplicable due to the lack of an empirical basis in the guidelines governing illegal reentry offenses is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

AFFIRMED.