# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2010

No. 10-50364
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALFREDO GRIJALVA-VARGAS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-3215-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alfredo Grijalva-Vargas appeals his within-Guidelines sentence of 14 months' imprisonment, following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). Grijalva contends his sentence, which is at the top of the advisory Guidelines Sentencing range, is: substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) because it does not properly account for his mitigating history and characteristics, including his cultural assimilation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and motives for returning to the United States; and not entitled to a presumption of reasonableness because the district court improperly imposed the sentence based on its opposition to his tattoos.

Grijalva does not claim his sentence is procedurally unreasonable. Grijalva also concedes he did not object in district court to the substantive reasonableness of his sentence, but he maintains he was not required to do so, claiming it is our duty to determine whether his sentence is reasonable. He recognizes this contention is foreclosed in this circuit and raises it only for possible future review. Accordingly, we review only for plain error. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007). Under this standard, Grijalva must show a clear or obvious error affecting his substantial rights. *E.g.*, *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). When, as here, the district court imposes a sentence within a properly-calculated Guidelines range, we accord great deference and apply a rebuttable presumption of reasonableness. *Gall v. United States*, 552 U.S. 38, 51-52 (2007); *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

Grijalva has failed to show the district court committed plain error by not imposing a lower sentence based on his cultural assimilation and motives. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008). Although cultural assimilation is a factor the district court may consider in deciding whether to depart from the advisory Guidelines range, it is one of many in such a fact-intensive inquiry. *See United States v. Castillo*, 386 F.3d 632, 638 (5th Cir. 2004); *see also* U.S.S.G. § 2L1.2 cmt. n.8. Similarly, whether to impose a lower sentence based on Grijalva's motives was part of the inquiry. The court did *not* err in refusing to mitigate his offense on that basis.

Finally, Grijalva has failed to rebut the presumption of reasonableness afforded his within-Guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). There is no evidence, certainly not sufficient to show

2

No. 10-50364

plain error, that the court based its decision on Grijalva's tattoos.  Instead, it adopted the presentence investigation report, which described Grijalva's tattoos; and, during sentencing, it referenced his tattoos as reflecting he "h[u]ng around a pretty tough crowd".

AFFIRMED.