# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 13, 2011

Lyle W. Cayce
Clerk

No. 10-50140
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ADAN URENA-GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-955-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Luis Adan Urena-Gonzalez (Urena) pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326(a). The district court sentenced Urena to 87 months of imprisonment, which was within the guidelines range of 70 to 87 months. Urena appeals, arguing that his sentence, which includes a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) (2009) because he previously was deported, or unlawfully remained in the U.S., following a conviction for a felony drug trafficking offense for which the sentence imposed exceeded 13

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months, is unreasonably long and greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a). He also argues that the guideline for illegal reentry offenses lacks an empirical foundation and double counts his criminal history and therefore this court should not apply a presumption of reasonableness to his sentence.

Urena's argument that his sentence is unreasonable because the illegal reentry guideline results in an unfair double counting of criminal history by including prior convictions in the offense level and criminal history has been rejected by this court. *See United States v. Duarte*, 569 F.3d 528, 529-31 & n.2 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). Moreover, *Duarte*, 569 F.3d at 529-31, held that the possibility of unjust sentences does not give this court authority to overturn the appellate presumption of reasonableness that applies to within-guidelines sentences. Also, in *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009), this court determined that *Kimbrough v. United States*, 552 U.S. 85 (2007), "does not require discarding the presumption [of reasonableness] for sentences based on non-empirically-grounded Guidelines." Thus, Urena's sentence, which was within the properly calculated guidelines range, is entitled to an appellate presumption of reasonableness. *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). Also, the record reflects that the district court made an individualized sentencing decision based on the facts of the case in light of the factors in § 3553(a). *See Gall v. United States*, 522 U.S. 38, 50 (2007). The district court's conclusion that a within-guidelines sentence is appropriate is entitled to deference, and we presume that it is reasonable. *Id.* at 51-52; *Newson*, 515 F.3d at 379. The district court was in a superior position to find facts and assess their import under § 3553(a), *Gall*, 552 U.S. at 597-98, and we see no reason to disturb the district court's discretionary decision to impose a sentence within the guidelines range.

AFFIRMED.