# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 21, 2011

Lyle W. Cayce
Clerk

No. 10-50923
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO ALBERTO CIRIZA-SAENZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-844-1

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Ciriza-Saenz (Ciriza) appeals the 41-month sentence imposed following his guilty plea conviction of being found illegally in the United States following removal. Ciriza contends that the within-guidelines sentence was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and was therefore substantively unreasonable. He specifically argues U.S.S.G. § 2L1.2 was established in a problematic manner and effectively double-counts his criminal history. He contends that his offense constitutes a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mere international trespass and that the guidelines range failed to reflect his personal history and characteristics, including his benign motive for reentering the United States. Ciriza further asserts that his sentencing range was unreasonable because the district court did not consider the unwarranted sentencing disparity between defendants sentenced in the Western District of Texas, which does not have a fast-track program, and defendants sentenced in districts that do have such a program.

This court reviews the sentence for reasonableness, under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Where, as in this case, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

The contention that a defendant is entitled to relief because § 2L1.2 is not supported by empirical data and effectively double counts a defendant's criminal history has been rejected by this court. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). This court also has determined that the "international trespass" argument raised by Ciriza does not justify disturbing an otherwise presumptively reasonable sentence. *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Furthermore, as Ciriza concedes, we have held that the disparity between districts with fast-track programs and districts without them is not unwarranted. *United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008).

The district court made an individualized sentencing decision based on the facts of the case in light of the factors set out in § 3553(a). *See Gall*, 552 U.S. at 49-50. The district court's conclusion that a within-guidelines sentence is appropriate is entitled to deference, and we presume that it is reasonable. *See id.* at 51-52; *Newson*, 515 F.3d at 379. We see no reason to disturb the district court's discretionary decision to impose a sentence within the guidelines range.

AFFIRMED.