# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2011

No. 10-50233
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

INOCENCIO GARCIA-GUERRERO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-455-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Inocencio Garcia-Guerrero ("Garcia") appeals the 41-month sentence imposed following his guilty plea conviction of illegal reentry into the United States following removal. Garcia contends that the within-guidelines sentence is greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and therefore is substantively unreasonable. He specifically argues U.S.S.G. § 2L1.2 essentially double-counts his criminal history. He contends that his offense constitutes a mere international trespass and that the guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range failed to reflect his personal history and characteristics, including his benign motive for reentering the United States.

We review the sentence for reasonableness, under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Garcia's guidelines range sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

We have previously rejected the argument that an appellant is entitled to relief because § 2L1.2 double counts a defendant's criminal history. *United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir.), *cert. denied*, 130 S. Ct. 378, 175 (2009). We have also determined that the "international trespass" argument raised by Garcia does not justify disturbing an otherwise presumptively reasonable sentence. *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court made an individualized sentencing decision based on the facts of the case in light of the factors set out in § 3553(a). *See Gall*, 552 U.S. at 49-50. The district court's conclusion that a within-guidelines sentence is appropriate is entitled to deference, and we presume that it is reasonable. *See id.* at 51-52; *Newson*, 515 F.3d at 379. We see no reason to disturb the district court's discretionary decision to impose a sentence within the guidelines range.

AFFIRMED.