United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40605
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE SANCHES-PENALOSA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(2:04-CR-418-1)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Sanches-Penalosa appeals the
sentences imposed following his bench-trial conviction of four
counts of transporting aliens within the United States.  He
contends that the district court erred by (1) failing to award him
a third point for acceptance of responsibility, (2) upwardly
departing from the applicable advisory Sentencing Guideline range,
and (3) imposing a mandatory order of restitution as part of his
sentence.  We review the district court's interpretation and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application of the Guidelines de novo and its factual determinations for clear error. United States v. Solis-Garcia, 420 F.3d 511, 513-14 (5th Cir. 2005).

The Guidelines do not permit a district court to grant a third acceptance point under U.S.S.G. § 3E1.1(b) without a government motion. See § 3E1.1, comment. (n.6). As the government did not make such a motion, and the district court imposed a Guidelines sentence, the district court did not err when it declined to award Sanches-Penalosa a third acceptance point. See United States v. Mares, 402 F.3d 511, 519 n.7. (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Our review of the basis and extent of the upward departure does not reveal an abuse of discretion. See United States v. Saldana, 427 F.3d 298, 308 (5th Cir. 2005).

The district court did err, however, by imposing mandatory restitution as part of Sanches-Penalosa's sentence. Accordingly, the order of restitution is vacated, and the case is remanded for the district court to consider whether to impose restitution as a condition of supervised release. All other terms of the judgment are affirmed.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.