# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————————————

No. 06-41115

——————————————

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 22, 2008

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NISHAN NEWSON,

Defendant-Appellant.

———————————————————————————

On Appeal from the United States District Court
For the Eastern District of Texas, Lufkin Division
CR 9:04CR32

———————————————————————————

Before HIGGINBOTHAM, DAVIS, and SMITH, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Defendant Nishan Newson appeals his sentence following a guilty plea conviction for possessing with intent to distribute more than 50 kilograms of marijuana. In particular, he challenges the district court's refusal to grant him an additional one-level decrease under U.S.S.G. § 3E1.1(b) after the Government failed to move for the reduction based on Newson's refusal to waive his right to appeal.

I.

A one-count indictment charged Nishan Newson with violating 21 U.S.C. § 841(a)(1) by possessing with intent to distribute more than 50 kilograms of marijuana. He pleaded guilty without a plea agreement.

The PSR assigned Newson a base offense level of 24. It then applied the two-level decrease for acceptance of responsibility allowed by subsection (a) of U.S.S.G. § 3E1.1 but not the additional decrease of one level allowed by subsection (b) for a defendant who gives timely notice of his intention to plead guilty. Newson objected to that omission, contending, inter alia, that he had timely notified the Government that he would plead guilty and that he had done nothing to cause any unnecessary expenditure of prosecutorial or judicial resources. He asked, alternatively, for a downward departure of one level from his base-offense level, but did not cite any particular Guideline or statutory basis to support his request. The Government acknowledged that the only reason it had not moved for the credit provided in § 3E1.1(b) was Newson's opposition to a plea bargain that would have waived substantial rights to attack his conviction and sentence on appeal.

At sentencing the court remarked that it knew of no circuit precedent regarding its authority to award the additional credit when the Government chose not to move for it without getting the defendant's appeal-rights waiver in return. Nevertheless, the district court overruled all of Newson's objections and his request for the additional decrease, decided that a downward departure was not authorized by the Guidelines, and rejected the notion of a "deviation" sentence below the guidelines range.

Instead, it adopted the PSR. With a PSR-calculated offense level of 22 and a category-I criminal history, Newson had a guidelines range of 41 to 51 months' imprisonment. The court sentenced him to serve 41 months.

2

Additionally, the court stated that, if the third-level decrease had been available (thus changing the guideline range to 37 to 46 months), it would have imposed a 37-month sentence.[1]  Newson filed a timely notice of appeal.

## II.

Newson argues that the Prosecutorial Remedies and Other Tools Against the Exploitation of Children (PROTECT) Act's amendment to § 3E1.1, making a government motion necessary for the one-level decrease for timely notice of intention to plead guilty, stripped the district court of its discretion to apply reductions.[2]  He contends that the amended Guideline violates principles of separation of powers by shifting judicial power to the executive branch.  Id.

Newson's constitutional challenge is reviewed de novo.  United States v. Romero-Cruz, 201 F.3d 374, 377 (5th Cir. 2000).  In Mistretta v. United States, 488 U.S. 361, 364 (1989), the Supreme Court stated that "the scope of judicial discretion with respect to a sentence is subject to congressional control."  Id. at 364.  The court reaffirmed its Mistretta analysis in United States v. Booker, 543 U.S. 220, 243 (2005), and rejected a separation-of-powers argument against the application of the Sentencing Guidelines.  Although this court has not addressed this issue in a published decision, in an unpublished decision this court held that Booker forecloses the claim that

---

[1] Consequently, if the failure to apply the additional one-level credit was error, it was not harmless. *See United States v. Tello*, 9 F.3d 1119, 1131 (5th Cir. 1993), holding that a sentencing error cannot be deemed harmless unless the appellate court is persuaded that the district court "would have imposed the same sentence absent the erroneous factor."

[2] Section 401(g) of the PROTECT Act inserted into § 3E1.1(b) the requirement that the Government move for the third-level credit in the acceptance-of-responsibility Guideline.  See Prosecutorial Remedies and Other Tools Against the Exploitation of Children Act, Pub. L. No. 108-21, § 401(g)(1)(A), 117 Stat. 671 (2003).

3

§ 3E1.1(b) results in an unconstitutional violation of the separation-of-powers doctrine. See United States v. Huff, 134 F. App'x 697, 699 (5th Cir. 2005), cert. denied, 546 U.S. 1176 (2006). Two other circuits are in accord. United States v. Brandon, 2005 U.S. App. LEXIS 22286 (9th Cir. 2005)(unpublished); United States v. Delk, 132 Fed. Appx. 448, 449 (4th Cir. 2005)(unpublished).

We see no basis to deviate from that position and reject Newson's argument that U.S.S.G. § 3E1.1(b), as amended, violates principles of separation of powers by shifting judicial power to the executive branch. Newson's argument is particularly undermined by the fact that if the district court desires to recognize the defendant's acceptance of responsibility it has the discretion to do so by entering a non-Guidelines sentence.

III.

Newson argues next that the district court erred by not awarding him the additional one-level decrease when the Government, citing Newson's refusal to waive appeal rights, declined to move for it. Construction of the guidelines is a question of law. See United States v. Davis, 478 F.3d 266, 270 (5th Cir. 2007).

(A) The government-motion requirement

Newson contends that he timely notified the Government of his intended guilty plea, thus sparing it trial-preparation work and permitting it and the court to allocate resources efficiently before conviction and sentencing. The Government refused to move for the third-level decrease solely because he would not accept the appellate waiver provision in its proposed plea agreement. In his view, that refusal was irrational and

punitive and not based on a legitimate governmental purpose.[3] Newson contends that § 3E1.1(b)'s purpose is to prevent a waste of prosecutorial and judicial resources at the trial-court level and that the Guideline contains no nexus between post-judgment proceedings and a defendant's timely pretrial action.

The Government acknowledges that it withheld its consent to the additional credit only because Newson would not agree to the appeal-rights waiver in its proposed plea agreement. The Government contends that § 3E1.1(b) "can reasonably be interpreted" to encompass not only the expenditure of the Government's time and effort at the prejudgment stage but also in appellate or collateral-review proceedings. In the Government's view, conserving its resources in post-judgment proceedings serves a legitimate governmental interest. Newson's refusal to give up his right to appeal, the Government says, would have "armed [him] with years of appellate and collateral attacks on the finality of his conviction." Additionally, the Government contends that Newson's desire to preserve his post-judgment rights shows that he has not "'accepted responsibility in a way that ensures the certainty of his just punishment in a timely manner.'" (quoting § 3E1.1, comment. (backg'd.)).

The timely-cooperation prong of § 3E1.1, subsection (b), provides that a

---

[3] The plea agreement proposed by the Government included this provision: Except as otherwise provided herein, Defendant expressly waives his right to appeal his conviction and sentence on all grounds. Defendant further agrees not to contest his sentence in any post conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: a) any punishment imposed in excess of the statutory maximum; and b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

defendant who has already received the two-level acceptance-of-responsibility decrease under subsection (a) is entitled to an additional decrease of one level if the Government states that he has "assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." U.S.S.G. § 3E.1.1(b). The government-motion requirement is emphasized in the commentary accompanying the Guideline. "[A]n adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing." § 3E1.1, comment. (n.6).

Several other circuits have held that the district court may not award a § 3E1.1(b) reduction absent a motion from the government. United States v. Smith, 429 F.3d 620, 628 (6th Cir. 2005); United States v. Smith, 422 F.3d 715, 726 (8th Cir. 2005), cert. denied sub nom. Jordan v. United States, 126 S. Ct. 1112 ( 2006); United States v. Sanders, 208 F. App'x 160, 162-63 (3d Cir. 2006); United States v. Chase, 466 F.3d 310, 315 and n.4 (4th Cir. 2006).[4] In United States v. Sanches-Penalosa, 178 F. App'x 382, 383 (5th Cir. 2006) (unpublished), a case that did not include an allegation that the prosecution was without a rational basis for its actions, this circuit also stated that the Guidelines do not permit award of the third-level decrease unless the Government asks for it. Based on the plain language of § 3E1.1(b), we agree.

The Ninth and Tenth Circuits have concluded that "a prosecutor is afforded the same discretion to file an acceptance of responsibility motion for

_____

[4] The Chase court rejects the opposite result reached in United States v. Catala, 134 Fed. Appx. 617, 623 (4th Cir. 2005), and treats that opinion as nonbinding as it was not a published opinion.

a third level reduction . . . as for the filing of a substantial assistance motion under section 5K1.1." United States v. Espinoza-Cano, 456 F.3d 1126, 1136 (9th Cir. 2006); accord United States v. Moreno-Trevino, 432 F.3d 1181, 1185-86 (10th Cir. 2005). Based on that analogy, the Tenth Circuit describes the government's discretion to file a motion under § 3E1.1(b) "a power, not a duty." Id. at 1186.

Even when the Government has discretion to act, it may not act arbitrarily or irrationally or base its actions on an unconstitutional motive. Wade v. United States, 504 U.S. 181, 186-87 (1992) (holding that government-motion requirement of § 5K1.1 does not impose duty on Government but that Government decision not to move must be related to legitimate governmental end); see also United States v. Solis, 169 F.3d 224, 226 (5th Cir. 1999) (government motion for downward departure under § 5C1.2 for defendant who provides substantial assistance in investigation cannot be withheld for unconstitutional motive). In Moreno-Trevino, the Tenth Circuit concluded that "a court can review the government's refusal to file a Section 3E1.1(b) motion and grant a remedy if it finds the refusal was (1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end." 432 F.3d at 1186 (citations and internal quotations omitted).

The question then is whether the government's refusal to file a § 3E1.1(b) motion in this case meets that standard. There is no reported decision of this circuit addressing the issue whether the Government can decline to move for the third-level decrease if the defendant insists on retaining all of his rights to seek post-judgment relief. In an unpublished decision, Huff, 134 F. App'x at 699, this court rejected the defendant's contention that the Government's refusal to move for the § 3E1.1 credit had

7

been based on an unconstitutional motive; the court held that the Government had been "justified in not moving for the additional credit" because the defendant had not timely cooperated. Huff had argued that his arrest resulted from an illegal search and seizure, resulting in a suppression hearing that was the substantive equivalent of a full trial. Additionally, the Ninth Circuit has held that the Government has a rational basis for declining to move for the § 3E1.1(b) decrease if the defendant's offer of a stipulated bench trial would leave open the possibility that the Government would expend resources "anticipating, and ultimately defending, a complete appeal." Espinoza-Cano, 456 F.3d at 1138 (internal quotation marks omitted).

We agree with the circuits cited above which hold that a defendant is not entitled to a decrease under § 3E1.1(b) unless the Government files a motion requesting the adjustment. We are unable to reach any other conclusion under a plain reading of the provision. The defendant's refusal to waive his right to appeal is a proper basis for the Government to decline to make such a motion, as it is rationally related to the purpose of the rule and is not based on an unconstitutional motive. In this case Newson makes no argument, other than the separation of powers argument rejected above, that the Government's refusal to file the motion is based on any other unconstitutional motive. Accordingly, we reject this challenge to his sentence.

(B) Newson's alternative motion for a downward departure

Finally, Newson contends that the district court erred in rejecting his alternative motion for an outside-the-guidelines sentence equivalent to the sentence he would have received had the government moved for the § 3E1.1(b) decrease. Newson's assertion is that the sentence is substantively unreasonable. We "consider the substantive reasonableness of the sentence

8

imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." Gall v. United States, 128 S.Ct. 586, 597 (2007). In this circuit, a within-guidelines sentence enjoys, on review, a rebuttable presumption of reasonableness. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see Gall, 128 S.Ct. at 597 ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." (citing Rita v. United States, 127 S.Ct. 2456, 2462 (2007)).

Newson has not overcome the presumption of reasonableness and has not demonstrated that the district court abused its discretion. The judge recognized that he could impose an outside-the-guidelines sentence if there were sufficient justification for such a departure, but he concluded that there was no such justification. The decision to impose a within-the-guidelines sentence, along with the court's statement that no reason justified an outside-the-guidelines sentence, indicates the court thought this a typical, mine run case in which the guidelines provide the appropriate sentence in terms of 18 U.S.C. § 3553(a). See Rita, 127 S.Ct. at 2468. We agree.

IV.

For the foregoing reasons, the sentence of defendant Newson is affirmed.

AFFIRMED.