IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-10370
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

AUSENCIO ESTRADA-MONTALVO

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-9-ALL

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ausencio Estrada-Montalvo appeals the 90-month sentence imposed following his conviction by guilty plea to illegal reentry after deportation. See 8 U.S.C. § 1326(a), (b)(2). Estrada-Montalvo argues that the district court erroneously believed that it lacked the authority to vary from the advisory guidelines range based on the Government's refusal to move for an additional level decrease under U.S.S.G. § 3E1.1(b). The district court's decision not to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grant a variance does not indicate that it believed that it lacked the authority to impose a non-guidelines sentence. The totality of the circumstances reveals that the district court denied the requested variance because it believed that a within guidelines sentence was appropriate. See United States v. Newson, 515 F.3d 374, 379 (5th Cir.), cert. denied, 128 S. Ct. 2522 (2008).

Estrada-Montalvo argues that the case should be remanded for resentencing because the Government declined to file a motion for an additional level decrease under § 3E1.1(b), amounting to an "incorrect application of the Guidelines." We review the Government's refusal to move for the additional level decrease to determine whether that refusal was based on an unconstitutional motive or was not rationally related to a legitimate end. See Newson, 515 F.3d at 378-79. Estrada-Montalvo does not argue that the Government's refusal to file the motion was based on an unconstitutional motive; a defendant's refusal to waive his right to appeal is a basis rationally related to the purposes of § 3E1.1(b). See id. Estrada-Montalvo argues that the district court erred in refusing to award him the additional level decrease for acceptance of responsibility under § 3E1.1(b), but, as he concedes, the argument is foreclosed by Newson. See Newson, 515 F.3d at 378.

Estrada-Montalvo argues that the district court erred in assessing the 16-level crime of violence increase based on his prior conviction for burglary of a habitation in reliance on his Texas judicial confession, but, as he concedes, his argument challenging the district court's reliance on his judicial confession is foreclosed by United States v. Garcia-Arellano, 522 F.3d 477, 481 (5th Cir.), cert. denied, 129 S. Ct. 353 (2008).

AFFIRMED.