**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-51143
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARTIN MERAZ-HERRERA, also known as Julio Benavides-Edujives

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1359-1

Before SMITH, STEWART, and SOUTHWICK, Circuit Judge.

PER CURIAM:[*]

Martin Meraz-Herrera (Meraz) appeals the sentence imposed following his illegal reentry conviction. He argues that he was entitled to either a downward departure pursuant to U.S.S.G. § 5K2.12 or a downward variance from the guidelines range because he was coerced into illegally reentering the United States as a result of threats made to his safety by a drug cartel in his native Mexico.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Post-*Booker*,[1] we review sentences for reasonableness in light of the factors set out in 18 U.S.C. § 3553(a). *Gall v. United States*, 128 S. Ct. 586, 594 (2007). We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Id.* at 597-98. The record discloses that the district court made an individualized assessment based on the circumstances of the case and Meraz's history and characteristics and determined that a within-guidelines sentence was reasonable because (1) Meraz had a prior serious drug trafficking conviction, (2) the circumstances that purportedly drove Meraz to illegally reenter the United States were the consequences of his decision to engage in drug trafficking, and (3) the illicit drug activity in which Meraz engaged was more pervasive than his conviction reflected. *See* § 3553(a)(1). The district court additionally determined that a within-guidelines sentence would meet the goals of protecting the public and deterring Meraz from returning to the United States. *See id.* § 3553(a)(2)(A), (B), (C). In light of the preceding, Meraz has not rebutted the presumption of reasonableness afforded his properly calculated guidelines sentence. *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir.), *cert. denied*, 128 S. Ct. 2522 (2008).

AFFIRMED.

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).