**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-51140
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RANDALL EARL BERKEFELT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-177-ALL

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Randall Earl Berkefelt appeals the sentence imposed following his guilty plea conviction for possession of a firearm by a person who has been convicted of a crime punishable by a term of imprisonment exceeding one year. The district court sentenced Berkefelt to 46 months of imprisonment and three years of supervised release, the lowest sentence within the advisory guidelines sentence range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Berkefelt argues that the 46-month sentence is substantively unreasonable because it was greater than necessary to comply with the objectives set forth in 18 U.S.C. § 3553(a). He contends that the guidelines range of 46 to 57 months of imprisonment overstated the seriousness of his criminal history given that his 1990 drug conviction was only included in the guidelines calculation because he remained on bond for three years during the pendency of his appeal. Berkefelt asserts that the district court abused its discretion by denying his request for a downward variance given his history and circumstances. He requests we vacate his sentence and remand the case for resentencing.

The record reflects that the district court considered Berkefelt's argument concerning the age of his prior drug conviction and his background. After balancing the sentencing factors, the district court determined that a sentence within the guidelines range was appropriate. "The decision to impose a within-the-guidelines sentence, along with the court's statement that no reason justified an outside-the-guidelines sentence, indicates the court thought this a typical, mine run case in which the guidelines provide the appropriate sentence in terms of 18 U.S.C. § 3553(a)." *United States v. Newson*, 515 F.3d 374, 379 (5th Cir.), *cert. denied*, 128 S. Ct. 2522 (2008). Considering the totality of the circumstances, as we must, *see Gall v. United States*, 128 S. Ct. 586, 597 (2007), Berkefelt has not shown that the sentence was unreasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2470 (2007) (holding that a sentence within the advisory guidelines range was reasonable despite mitigating factors). Accordingly, the judgment of the district court is AFFIRMED.