# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-50399
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERICK ORLANDO LOPEZ-CAMPOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-633-1

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Erick Orlando Lopez-Campos pleaded guilty to unlawful reentry. The district court sentenced him to 57 months in prison, at the bottom of the guidelines range of 57 to 71 month. Lopez-Campos now appeals, arguing that the sentence, which included a 16-level enhancement for a prior crime of violence pursuant to U.S.S.G. § 2L1.2, is unreasonable in light of the sentencing factors of 18 U.S.C. § 3553(a). Specifically, he contends that in light of, inter alia, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

age of the nearly decade-old prior offense, his subsequent lack of violent crimes, and his history of drug abuse, the guidelines range overstates the seriousness of his offense and his criminal history and results in a sentence greater than necessary to achieve the goals of deterrence and protecting the public.

The district court's conclusion that a within-guidelines sentence was appropriate is entitled to deference, and we presume it is reasonable. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. Newson*, 515 F.3d 374, 379 (5th Cir.), *cert. denied*, 128 S. Ct. 2522 (2008). The district court was in a superior position to find facts and assess their import under § 3553(a). *Gall*, 552 U.S. at 597-98. We see no reason to disturb the district court's discretionary decision to impose a sentence within the guidelines range.

Lopez-Campos also challenges the application of the appellate presumption of reasonableness on the basis that § 2L1.2, without empirical basis, double-counts criminal history. As he concedes, this argument is foreclosed by our decision in *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

AFFIRMED.