**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-50221
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS SILVERIO JAQUEZ-DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2817-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

After Jesus Silverio Jaquez-Diaz pleaded guilty to illegal reentry, the district court sentenced him to 70 months in prison, within the guidelines range of 70-87 months. Jaquez-Diaz appeals, arguing that the sentence is greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a). We affirm.

Jaquez-Diaz contends that U.S.S.G. § 2L1.2, which was used to enhance his sentencing range, overstates the risk of recidivism and danger posed by illegal reentry and results in double-counting of the same conviction used in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining his criminal history; that the guidelines range overstates the seriousness of his illegal reentry offense, which was simply an "international trespass;" that the 1992 drug conviction used for the § 2L1.2 enhancement was remote; that he had lived in the United States for 37 years, where he was married and had several children; that he had never been convicted of illegal reentry before; and that his wife has agreed to go with him to Mexico when he returns there. Thus, he challenges the sentence as excessive in light of several § 3553(a) factors, including his personal history and characteristics and the need to prevent him from committing future crimes.

We review sentences for reasonableness, employing an abuse-of-discretion standard, keeping in mind that a sentence within a properly calculated guidelines range is presumed to be reasonable. *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir.), *cert. denied*, 128 S. Ct. 2522 (2008). After hearing Jaquez-Diaz's arguments for a sentence below the guidelines range, the district court concluded that the guidelines range was appropriate, particularly in light of Jaquez-Diaz's criminal history. We discern no abuse of discretion in that determination. To the extent that Jaquez-Diaz raises his double-counting and international trespass arguments for the first time on appeal, he has failed to demonstrate reversible plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

Accordingly, the judgment of the district court is AFFIRMED.