# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 11, 2010

Charles R. Fulbruge III
Clerk

No. 09-50383
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO ROBLEDO-CHILA, also known as Agustin Rodriguez, also known as
Mario Robledo-Rodriguez, also known as Mario Rodriguez-Chila

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-897-1

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mario Robledo-Chila pleaded guilty to illegal reentry, in violation of 8
U.S.C. § 1326(a), (b). The district court sentenced him to a term of 51 months,
which was within the guidelines imprisonment range of 41 to 51 months.
Robledo now appeals, arguing that his sentence, which includes a 16-level
enhancement under U.S.S.G. § 2L1.2(b)(1)(B) because he was previously

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

deported following a crime of violence conviction, is unreasonably long and greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a).

The district court made an individualized sentencing decision based on the facts of the case in light of the factors set out in § 3553(a).  *See Gall v. United States*, 128 S. Ct. 586, 596 (2007).  The district court's conclusion that a within-guidelines sentence is appropriate is entitled to deference, and we presume that it is reasonable.  *Id.* at 597; *United States v. Newson*, 515 F.3d 374, 379 (5th Cir.), *cert. denied*, 128 S. Ct. 2522 (2008).  The district court was in a superior position to find facts and assess their import under § 3553(a), *Gall*, 552 U.S. at 597-98, and we see no reason to disturb the district court's discretionary decision to impose a sentence within the guidelines range.

AFFIRMED.