# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 7, 2011

Lyle W. Cayce
Clerk

No. 10-60364
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL CHANEY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CR-100-2

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Michael Chaney pleaded guilty to one count of carjacking in violation of 18 U.S.C. § 2119, and one count of brandishing a firearm during the carjacking, in violation of18 U.S.C. § 924(c). The district court sentenced him to 55 months in prison on the carjacking count, followed by a mandatory consecutive term of 87 months for the § 924(c) offense. Chaney now appeals his sentence, arguing that the Government improperly refused to move for a third point for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b), because Chaney–who denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60364

ownership and possession of the subject firearm despite conceding–would not sign a plea supplement admitting that he had an interest in the gun for purposes of forfeiture.  The Government declined to accept what Chaney contends were reasonable alterations to the plea supplement, and Chaney pleaded guilty without the benefit of the plea agreement, including a third point for acceptance of responsibility.

Chaney argues that the Government's refusal was not rationally related to a legitimate government end, that the district court should have ordered the Government to make the motion, and that his resulting guidelines range was incorrect and thus procedurally flawed.  We need not reach whether Chaney's arguments in the district court, which were more akin to a request for a nonguidelines sentence pursuant to 18 U.S.C. § 3553(a) than the procedural challenge to the guidelines range he now raises, preserved his current claim. *See, e.g., United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).  We find no error even under the ordinary standard of review.  *See United States v. Newson*, 515 F.3d 374, 376-78 (5th Cir. 2008).

The Government has discretion to decide whether to move for a third point for acceptance of responsibility.  *Newson*, 515 F.3d at 377-78.  Chaney has not made any showing of an unconstitutional motive, a threshold requirement.  *See United States v. Urbani*, 967 F.2d 106, 109-10 (5th Cir. 1992). Moreover, Chaney has not shown that the Government's decision was not rationally related to the purpose underlying § 3E1.1(b), a determination that the Government was in the best position to make.  We reject Chaney's challenge to his sentence.

AFFIRMED.