**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 3, 2011

Lyle W. Cayce
Clerk

No. 11-40405
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENRIQUE CASTRO-MORENO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-2599-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Enrique Castro-Moreno (Castro) pleaded guilty to one count of illegal reentry following deportation and received a within-guidelines sentence of 51 months in prison. On appeal, he challenges the substantive reasonableness of his sentence, arguing that the district court failed to conduct an individualized assessment and failed to accord adequate weight to his reasons for returning to the United States. Castro asserts that the threats he received from Mexican drug cartels and the fire damage to his wife's United States home provided

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adequate rationales for that return and warranted a below-guidelines sentence. He also notes that his 51-month sentence greatly exceeded the sentence he received for his previous alien-smuggling conviction.

The Government moves for summary affirmance, asserting that this court has rejected defendants' disagreements with the weight given by the district court to the various 18 U.S.C. § 3553(a) factors. In the alternative, the Government seeks an extension of time to file an appellate brief.

This court reviews Castro's challenge to his sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Where, as in this case, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

The sentencing transcript reveals that the district court carefully made an individualized sentencing decision based on the facts of the case in light of the factors set out in § 3553(a). *See Gall*, 552 U.S. at 49-50. The district court's conclusion that a within-guidelines sentence is appropriate is entitled to deference, and we presume that it is reasonable. *See id.* at 51-52; *Newson*, 515 F.3d at 379. Castro has not shown that the district court committed a "clear error of judgment" in its weighing of the various sentencing factors, and he has not established that the district court's rejection of his arguments failed to account for a significant factor or gave weight to an irrelevant factor. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). We see no reason to disturb the district court's discretionary decision to impose a sentence within the guidelines range. Consequently, the judgment of the district court is AFFIRMED. The Government's motions for summary affirmance or in the alternative for an extension of time to file a brief are DENIED.