**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 17, 2012

Lyle W. Cayce
Clerk

No. 11-40680
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GABRIEL RIOS,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-1233-1

Before WIENER, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Gabriel Rios appeals his conviction and resulting 120-month within-guidelines sentence for eight counts of possession of child pornography. Rios argues that the evidence was insufficient to support his conviction because the government failed to establish that he knowingly possessed child pornography and that he intended to view child pornography. He challenges the substantive reasonableness of his sentence, arguing that it is greater than necessary to accomplish the sentencing objectives of 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3553(a). Rios further contends that the child pornography Guidelines are not entitled to deference because they are not empirically based, but Rios correctly notes that this argument is foreclosed and raises it to preserve for further possible review. *See United States v. Miller*, 665 F.3d 114, 119-26 (5th Cir. 2011). Finally, Rios argues that the condition of release compelling him to submit to psycho-physiological testing, including application of the penile plethysmograph, is overly broad and constitutes an unnecessary deprivation of his liberty interests.

We will uphold the jury's verdict if a rational trier of fact could conclude that "the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict." *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008) (internal quotation marks and citation omitted). Direct and circumstantial evidence are weighed equally, and it is not necessary that the evidence exclude every reasonable hypothesis of innocence. *United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000). We do "not weigh evidence or assess the credibility of witnesses, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).

Under 18 U.S.C. § 2252A(a)(5)(B), the government was required to prove that Rios knowingly possessed or accessed, with the intent to view, any material that contains an image of child pornography that was mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including a computer.

In the instant case, Rios incriminated himself and was identified as the most frequent user of the computer. The number of videos found on the computer, the explicit terms in the titles of the videos referencing child pornography, and the fact that many of the videos were previewed during the downloading process showed an intent to possess and access child pornography.

Viewing the evidence in a light most favorable to the verdict, a reasonable trier of fact could have found beyond a reasonable doubt that Rios knowingly possessed child pornography.

The substantive reasonableness of a sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). As Rios's sentence was within the guidelines range, his sentence is presumptively reasonable. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009). The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

In this instant case, the court reflected on the factors of § 3553(a). The court properly considered deterrence and the need to protect the public from future crimes. Rios offers nothing to show that the court's presumptively reasonable choice of a within-guidelines sentence was an abuse of discretion. *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

Rios's final argument that the special condition of release compelling him to submit to treatment that may include psycho-physiological testing constitutes an unnecessary deprivation of his liberty interests is not ripe for review. *See United States v. Carmichael*, 343 F.3d 756, 761-62 (5th Cir. 2003).

Accordingly, the judgment of the district court is AFFIRMED.