# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 27, 2012

Lyle W. Cayce
Clerk

No. 11-11123
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABEL TREJO-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CR-33-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Abel Trejo-Martinez (Trejo) appeals the 57-month sentence he received following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. For the first time on appeal, he contends that his offense level and criminal history score were incorrectly calculated based on the improper use of his 2002 Texas conviction for aggravated sexual assault because he was 17 at the time of the offense, because he was sentenced to probation, and because that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense occurred more than five years prior to the instant offense. The Government concedes the error.

Because the argument was not raised below, appellate review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). To prevail under the plain-error standard, Trejo must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

We agree with the parties that, under the plain language of the Guidelines as applied to the undisputed facts, Trejo should not have received any criminal history points for his 2002 Texas conviction. *See* U.S.S.G. § 4A1.2(d)(1) and (2)(B). Additionally, because the 2002 Texas conviction should not have received any criminal history points, it could not support a 16-level crime of violence enhancement. *See* § 2L1.2(b)(1)(A); *see also* United States Sentencing Commission, *Guidelines Manual, Supp. to Appendix C-Vol III*, Amendment 754 at 404 (Nov. 1, 2011). Instead, Trejo should have been assessed a 12-level crime of violence enhancement. *See* § 2L1.2(b)(1)(A).

Trejo has demonstrated clear or obvious error. He has also demonstrated that the error affected his substantial rights as the district court mistakenly calculated the applicable guidelines range, the range used at sentencing was significantly higher than the correct range of 25 to 33 months, and the 57-month sentence imposed falls at the high end of the incorrect range, well above the correct range. *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011). Moreover, nothing in the sentencing transcript suggests that the district court would have imposed the same sentence in the absence of any error. Because the district court's error affects the fairness of these proceedings, we exercise our discretion to correct it. *See id.; see also Puckett*, 556 U.S. at 135.

No. 11-11123

Trejo's argument that the district court erred in not requiring the Government to move for a third point for acceptance of responsibility is foreclosed by *United States v. Newson,* 515 F.3d 374, 376-79 (5th Cir. 2008). Trejo concedes as much, but seeks to preserve the issue for further review.

The sentence is VACATED, and the case is REMANDED FOR RESENTENCING.