# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 1, 2012

Lyle W. Cayce
Clerk

No. 11-20657
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN GUILLERMO GUEVARA GANDARILLA, also known as Martin Guillermo Guevara-Gandarilla, also known as Martin Guevara, also known as Martin Guevara-Gandarilla,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-303-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Martin Guillermo Guevara Gandarilla pleaded guilty to an indictment that charged him with illegal reentry following a prior deportation. The district court sentenced Gandarilla within the advisory guidelines sentencing range to 40 months of imprisonment and a two-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gandarilla filed a timely notice of appeal and now challenges his sentence. We AFFIRM in part, DISMISS in part.

We review sentences for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Pursuant to *Gall v. United States*, 552 U.S. 38, 49-51 (2007), we first consider whether the district court committed any significant procedural error. If there is no procedural error or such error is harmless, we proceed to the second step and consider the substantive reasonableness of the sentence imposed. *Id.*

Gandarilla argues that the district court procedurally erred in sentencing him when it refused to consider the disparity created by the lack of availability of a fast-track sentencing program in the Houston Division of the Southern District of Texas. Gandarilla acknowledges this court's holding in *United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008), that the disparity between the sentences of defendants who can participate in a fast-track program and defendants who cannot is not "unwarranted" within the meaning of § 3553(a)(6). He points to a circuit split on this issue and argues that this court's position on the issue is incorrect. *Gomez-Herrera* is the law of this circuit, and one panel of this court may not overrule the decision of a prior panel in the absence of en banc consideration or a superseding Supreme Court decision. *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

Turning now to the substantive reasonableness of the sentence imposed, we conclude that the district court understood its authority to depart downward based on Gandarilla's argument that the 16-level enhancement he received pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii) was excessive in light of the circumstances surrounding his prior conviction for alien smuggling. Accordingly, we lack jurisdiction to review the district court's refusal to depart downwardly. *See United States v. Sam*, 467 F.3d 857, 861 (5th Cir. 2006). As for Gandarilla's contention that the 16-level increase resulted in a sentencing range that was too

high such that the district court should have varied downward, an appellant's "disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to his within-guidelines sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Gandarilla has not shown that his sentence failed to account for a factor that should have received significant weight or represents a clear error of judgment in balancing the sentencing factors. He thus has failed to rebut the presumption of reasonableness we afford that sentence or to show that his sentence is plainly unreasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

We therefore AFFIRM Gandarilla's sentence on all issues except the district court's denial of a downward departure, as to which issue we DISMISS the appeal for want of jurisdiction. *United States v. Buck*, 324 F.3d 786, 798 (5th Cir. 2003).