## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2012

Lyle W. Cayce
Clerk

No. 12-50086
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VICTOR ALBERTO ORTIZ-RUIZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2410-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Victor Alberto Ortiz-Ruiz appeals his 57-month sentence for one count of illegal reentry following a prior deportation. He contends: for several reasons, his sentence, which is at the bottom of the applicable advisory Guidelines sentencing range, is unreasonable.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing range for use in deciding the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). The claim Ortiz-Ruiz did not raise in district court–that Guideline § 2L1.2 lacks an empirical basis and impermissibly double-counts criminal history–is reviewed for plain error only. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007).

Our court has consistently rejected the contention that Guideline § 2L1.2 (Guideline for unlawfully entering or remaining in United States) results in an excessive sentence due to lack of an empirical basis and double-counting of a prior offense. *United States v. Duarte*, 569 F.3d 528, 529 (5th Cir. 2009) (citing two Fifth Circuit opinions rejecting both contentions). Ortiz-Ruiz acknowledges this and presents this issue only to preserve it for possible further review.

Ortiz-Ruiz' assertion that he deserved a lesser sentence based upon the disparity in "fast-track" early disposition programs is likewise foreclosed. *United States v. Gomez-Herrera*, 523 F.3d 554, 563 n.4 (5th Cir. 2008); *Duarte*, 569 F.3d at 531. He again presents it only for possible further review.

Finally, his contention that his sentence is unreasonable due to mitigating factors, such as his motive for re-entering the United States, also fails. The record shows the district court, which is in the best position to make such determinations, based its sentencing decision upon an individualized assessment of the facts in the light of the 18 U.S.C. § 3553(a) sentencing factors. *E.g., Gall*, 552 U.S. at 51-53.

A within-Guidelines sentence like Ortiz-Ruiz' is entitled to a presumption of reasonableness. *E.g., United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). Ortiz-Ruiz fails to rebut this presumption.

AFFIRMED.