# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 29, 2012

Lyle W. Cayce
Clerk

No. 12-40218
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PLACIDO MOLINA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-530-1

Before REAVLEY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Placido Molina, Jr., challenges his 46-month sentence, imposed following his guilty-plea conviction on one count of attempted exportation of defense articles from the United States. Molina first asserts that the district court erred by misapprehending its authority to impose a downward departure pursuant to application note one of U.S.S.G. § 2M5.2. In addition, he contends that his sentence was both procedurally and substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40218

We lack jurisdiction to review a district court's refusal to depart downward from the applicable guidelines range unless the district court mistakenly believes that it does not have the authority to depart. *See United States v. Sam*, 467 F. 3d 857, 861 (5th Cir. 2006). The record itself "must indicate that the district court held such an erroneous belief." *United States v. Valencia-Gonzales*, 172 F.3d 344, 346 (5th Cir. 1999). Nothing in the record indicates the district court mistakenly believed that it lacked the authority to grant a downward departure pursuant to § 2M5.2. Rather, the record demonstrates that the court did not believe a departure was warranted. Therefore, to the extent Molina challenges the denial of the downward departure, we may not review the contention. *See Sam*, 467 F.3d at 861.

Because Molina did not object to the reasonableness of the imposed sentence, we review for plain error. To establish plain error, Molina must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If such a showing is made, we have the discretion to correct the error but will generally do so only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

Molina asserts that the district court committed procedural error by improperly calculating the guidelines range, based on its misunderstanding of its authority to depart downward pursuant to the commentary of § 2M5.2. A miscalculation of the guidelines range may constitute a procedural error. *See Gall v. United States*, 552 U.S. 38, 51 (2007). However, the record shows that the district court understood its authority to depart but determined that Molina's actions had the potential to be harmful to national security concerns. This court lacks jurisdiction to review the decision not to depart. *See Sam*, 467 F.3d at 861. Molina has not shown that the district court committed procedural error.

No. 12-40218

Likewise, Molina's assertion of substantive unreasonableness focuses on the failure of the district court to depart downward. He contends that the district court failed to give significant weight to the commentary to § 2M5.2 and that the court's reference to a shooting in El Paso that did not involve Molina constituted reliance on an irrelevant factor. Molina maintains that his lack of criminal history and his stated reasons for bringing the weapons to Mexico – protection of his family – established that his actions did not pose a security risk and that a sentence below the guidelines range was warranted. He asserts that the relatively minor nature of his offense when compared to more serious crimes that would fall under the same guideline resulted in an unwarranted sentencing disparity.

The district court considered Molina's request for a lower sentence but elected to impose a within-Guidelines sentence. A within-Guidelines sentence is presumptively reasonable. *See, e.g.*, *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). Although Molina contends that the presumption should not apply because of the court's failure to consider the commentary to § 2M5.2, the court did consider it but concluded that the facts of the case did not warrant a departure. Molina has not shown that his sentence is substantively unreasonable nor has he rebutted the presumption of reasonableness that attaches to his within-Guidelines sentence. *See, e.g.*, *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Accordingly, he has failed to show the district court plainly erred by imposing the within-Guidelines sentence. *See Puckett*, 556 U.S. at 135.

AFFIRMED.