# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 21, 2012

Lyle W. Cayce
Clerk

No. 12-40116
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ANDRES MENDOZA MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-1172-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Juan Andres Mendoza Martinez (Mendoza) appeals the sentence imposed for his conviction for illegal reentry into the United States. Mendoza argues that his sentence is procedurally and substantively unreasonable because the district court imposed a three-year term of supervised release, notwithstanding that U.S.S.G. § 5D1.1(c) provides that supervised release "ordinarily" should not be imposed "in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40116

As Mendoza concedes, review is limited to plain error because he did not raise this argument in the district court. *United States v. Dominguez-Alvarado*, ___ F.3d ___, 2012 WL 3985136 at *1 (5th Cir. Sept. 12, 2012) (No. 11-41304); see *Puckett v. United States*, 556 U.S. 129, 135 (2009). The district court was aware of the provisions of  § 5D1.1(c)  because they were set out in the presentence report, which the district court adopted. Given the statements that the district court made when it imposed the term of supervised release, which addressed Mendoza's history and characteristics and the need to deter, Mendoza fails to show that the district court procedurally erred because it failed to explain its term of supervised release. *See United States v. Dominguez-Alvarado*, 2012 WL 3985136, at **3-4. Nor does Mendoza show that the court erred because it failed to give notice of its intent to depart upwardly. The term of supervise release was not an upward departure but was within the statutory and guidelines ranges for Mendoza's conviction. *See* 8 U.S.C. § 1326(b)(1); 18 U.S.C. §§ 3559(a), 3583(b)(2). Finally, Mendoza fails to show error, plain or otherwise, as to the substantive reasonableness of his sentence, given that the district court's statements at sentencing accounted for why a term of supervised release was warranted. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); § 5D1.1, comment. (n.5).

Mendoza also contends that his offense level should have been reduced by an additional point for acceptance of responsibility under § 3E1.1(b) because the Government improperly refused to file the requisite motion for the reduction due to Mendoza's refusal to sign a plea agreement containing an appeal waiver. As Mendoza concedes, this claim is foreclosed by *United States v. Newson*, 515 F.3d 374, 376-78 (5th Cir. 2008).

AFFIRMED.