# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 5, 2012

Lyle W. Cayce
Clerk

No. 12-40265
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS ZAVALA HERNANDEZ, also known as Jessie Hernandez, also known as Jesse Cabala Hernandez, also known as Jesse Sabalac Hernandez, also known as Jesse Hernandez, also known as Juan Carlos Gonzalez-Garcia, also known as Jesse Hernandez-Sabalac,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-1175-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jesus Zavala Hernandez appeals the sentence imposed pursuant to his guilty-plea conviction of illegal reentry into the United States. He raises three issues.

For his primary claim, he asserts: his sentence is procedurally and substantively unreasonable because the district court imposed a two-year term

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of supervised release, notwithstanding Guideline § 5D1.1(c)'s providing supervised release "ordinarily" should not be imposed "in a case in which supervised release is not required by statute and [] defendant is a deportable alien who likely will be deported after imprisonment".

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly-preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Here, however, and as Hernandez concedes, he is entitled only to plain-error review because he failed to raise in district court the claim presented here. *E.g.*, *United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012). For reversible plain error, he must show a plain or obvious error that affected his substantial rights. *Id.* He fails to do so.

The district court was aware of the provisions of Guideline § 5D1.1(c) because they were provided in the presentence investigation report which the court adopted. Contrary to Hernandez' claim that the court committed procedural error by failing to explain its imposition of supervised release, the court made statements at sentencing that addressed Hernandez' history and characteristics, as well as the need for deterrence. *See id.* at 329-30.

Hernandez also fails to show error with regard to the substantive reasonableness of his sentence; the court's statements at sentencing provided support for the imposed term of supervised release. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Although Hernandez correctly asserts Guideline § 5D1.1(c) advises that "ordinarily" supervised release should not be imposed where, as here, defendant is likely to be deported after imprisonment,

"the court should [] consider imposing a term of supervised release . . . if the court determines it would provide an added measure of deterrence and protection". Guideline § 5D1.1 comment 5.

Hernandez originally asserted the court erred in failing to give notice of its intent to depart upwardly, but he concedes that issue is foreclosed by our court's intervening decision in *Dominguez-Alvarado*, 695 F.3d at 329. He raises the issue only to preserve it for possible further review.

Hernandez also contends his total offense level should have been reduced by an additional level for acceptance of responsibility under Guideline § 3E1.1(b) because the Government refused to file the requisite motion for the reduction due to Hernandez' refusal to enter a plea agreement containing an appeal waiver. Hernandez concedes this claim is foreclosed by *United States v. Newson*, 515 F.3d 374, 376-78 (5th Cir. 2008); he raises it only to preserve it for possible further review. Moreover, the court provided Hernandez with a downward variance of one level based on *Newson*.

AFFIRMED.