# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 9, 2013

Lyle W. Cayce
Clerk

No. 12-50884
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MOISES DANIEL MILLER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-300-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Moises Daniel Miller appeals the 18-month within-guidelines sentence he received following his plea of guilty to importation of marijuana and possession with intent to distribute marijuana. Miller argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He specifically contends that the district court failed to consider the fact that he committed the offense while under duress and that his motives were benign.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50884

The district court must correctly calculate the guidelines range and make an individualized assessment based on the facts of the case in light of 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court shall impose a sentence sufficient, but not greater than necessary, to comply with § 3553(a)(2)'s goals. § 3553(a). Appellate courts typically review a sentence for reasonableness under an abuse of discretion standard. *Gall*, 552 U.S. at 51. If the sentence is procedurally sound, the appellate court considers the substantive reasonableness of the sentence. *Id.* The instant appeal does not involve the procedural reasonableness of the sentence.

Miller's 18-month sentence was within the advisory guidelines range and thus carries a rebuttable presumption of reasonableness. *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). Contrary to Miller's assertions, the sentencing hearing reflects that the district court took into account the circumstances surrounding Miller's commission of the drug offense but concluded that a within-guidelines sentence was appropriate in light of the drug quantity and Miller's heedless actions. Miller's general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Consequently, the judgment of the district court is AFFIRMED.