**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2013

Lyle W. Cayce
Clerk

No. 13-40069
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE ALBERTO OLGUIN-LOZANO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-165-1

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Appealing the judgment in a criminal case, Jorge Alberto Olguin-Lozano raises arguments that he concedes are foreclosed by *United States v. Newson,* 515 F.3d 374, 378-79 (5th Cir. 2008), and *United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir.), *cert. denied*, 133 S. Ct. 2374 (2013). *Newson* held that the Government may decline to move for an additional one-point reduction under U.S.S.G. § 3E1.1(b) based on the defendant's refusal to waive his right to appeal. 515 F.3d at 378-79. In *Morales-Mota*, 704 F.3d at 412, this court, relying upon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40069

its holding in *United States v. Joslin*, 487 F. App'x 139, 141-43 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1847 (2013), rejected the argument that the Texas offense of "burglary of a habitation" is outside the generic, contemporary definition of "burglary of a dwelling" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because it defines the "owner" of a habitation as a person with a "greater right to possession."

The appellant's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.