# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2011

Lyle W. Cayce
Clerk

No. 10-51232
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ROLANDO TREJO-MACHADO, also known as Jose Rolando, also known as Jose Rolando Trejos,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1736-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Rolando Trejo-Machado appeals the 41-month sentence imposed following his guilty plea conviction of illegal reentry.  He first claims that the district court committed a significant procedural error by failing to provide an adequate explanation for its sentence.  He asserts that the lack of an adequate explanation precludes meaningful appellate review of the substantive reasonableness of his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51232

As Trejo-Machado failed to object to the adequacy of the district court's explanation, we review that issue for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, Trejo-Machado must show a forfeited error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even if such a showing is made, we have the discretion to correct the error, but only if it seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). We have previously rejected the contention that a district court's failure to provide an adequate explanation for its sentence results in prejudice under the plain error standard because it makes meaningful appellate review impossible. *See Mondragon-Santiago*, 564 F.3d at 365. "[T]o show substantial prejudice, the defendant must prove that the error affected the sentencing outcome." *Id.* Trejo-Machado has not shown that the district court's purported failure to provide a sufficient explanation for its sentence affected his sentence. He thus has failed to establish plain error. *See id.*

Trejo-Machado also claims that his sentence was greater than necessary to meet the sentencing goals of 18 U.S.C, § 3553(a) and was therefore substantively unreasonable. He contends that a 41-month sentence was not required to deter future criminal conduct or to protect the public, given that he served a lengthy term of imprisonment for the Texas robbery offense that he committed when he was a juvenile. He also insists that the record does not show that a 41-month sentence was necessary to provide him with educational or vocational training, medical care, or other treatment.

When, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness. *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). To rebut such a presumption, a defendant must show that the district court failed to account for a sentencing factor that should have been accorded

substantial weight, gave substantial weight to an "irrelevant or improper factor," or made "a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). Additionally, for a sentence within a properly calculated Guideline range, an inference arises that the district court considered "all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

Trejo-Machado's disagreement with the propriety of the sentence imposed and with the district court's implicit weighing of the sentencing factors does not suffice to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). The judgment of the district court is AFFIRMED.