# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2012

No. 11-40490
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE PATRICIO RIOS-ROJAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-109-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Patricio Rios-Rojas pleaded guilty to illegally reentering the United States after deportation following an aggravated felony conviction. The district court departed below the 46- to 57-month guideline range pursuant to § 5K3.1 and sentenced him to 37 months of imprisonment. On appeal, he argues that the district court failed to give an adequate explanation of the reasons for the sentence. Rios-Rojas also contends that the sentence was unreasonably high in light of the § 3553(a) factors. He argues that the 16-level drug trafficking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement was excessive and that his family circumstances made him less culpable.

The Government moves for summary affirmance, asserting that this court has rejected defendants' disagreements with the weight given by the district court to the various 18 U.S.C. § 3553(a) factors. In the alternative, the Government seeks an extension of time to file an appellate brief.

We review Rios-Rojas's challenge to his sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The sentencing transcript reveals that the sentencing judge reviewed the presentence report, considered Rios-Rojas's written submissions to the court, acknowledged defense counsel's arguments and Rios-Rojas's statement, stated that it had considered the § 3553(a) factors, yet refused to further depart or deviate below the guideline range. Thus, the district court's statement of reasons for the sentence was adequate. *See Rita v. United States*, 551 U.S. 338, 359 (2007); *United States v. Gomez-Herrera*, 523 F.3d 554, 564-65 (5th Cir. 2008).

This court applies a rebuttable presumption of reasonableness to a within-guidelines sentence. *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). Rios-Rojas seeks to preserve for potential future review his claim that the presumption of reasonableness should not apply to sentences calculated under § 2L1.2 because that Guideline is flawed, but he concedes that this claim is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009). We need not decide whether Rios-Rojas's sentence is entitled to a presumption of reasonableness because he cannot show that the sentence was unreasonable even without the presumption. Specifically, he has failed to show that his sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006); *see Gall*, 552

No. 11-40490

U.S. at 51. Accordingly, the judgment of the district court is AFFIRMED. The Government's motion for summary affirmance or in the alternative for an extension of time to file a brief is DENIED.