**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 30, 2012

Lyle W. Cayce
Clerk

No. 11-50772
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUMBERTO LIMAS-CALDERA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-752-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Humberto Limas-Caldera appeals from his conviction of attempted illegal reentry and making a false claim of United States citizenship. He contends that his sentence, which fell within his guidelines sentencing range, was substantively unreasonable. He further contends, for the first time on appeal, that the lack of an empirical basis for the illegal reentry Guideline deprives his sentence of a presumption of reasonableness on appeal, and correctly concedes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that this argument is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

As for the substantive reasonableness of his sentence, Limas-Caldera asserts that his sentence is greater than necessary to reflect the seriousness of his offense, provide just punishment, deter future crimes, or protect the public. He argues that this is so because the consideration of his Kansas offense of possession with intent to sell marijuana both for his criminal history score and his offense level amounted to double-counting; because his motive for attempting to reenter the United States was benign; because he had maintained a steady work history despite his drug problems; because the longest previous term of imprisonment he had served was 20 months long; and because his family circumstances were such that he would almost certainly never return to the United States.

We review sentences for reasonableness by engaging in a bifurcated review. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). First, we must ensure that the sentencing court committed no significant procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. If the sentencing decision is procedurally sound, we then consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id*. Here, only the substantive reasonableness of the sentence is disputed.

We afford a within-range sentence a rebuttable presumption of reasonableness. *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant

weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The reasons asserted by Limas-Caldera do not rebut the presumption of reasonableness given to his within-range sentence. *See id.* He has not shown that his sentence is substantively unreasonable under the abuse of discretion standard. *See Gall*, 552 U.S. at 51.

AFFIRMED.