**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 1, 2012

Lyle W. Cayce
Clerk

No. 11-51186
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAUL CORONA-PORRAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1847-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Saul Corona-Porras (Corona) appeals the 27-month sentence imposed following his guilty plea conviction for being found illegally in the United States following removal. He contends that the within-guidelines sentence was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and was therefore substantively unreasonable. Corona specifically argues that U.S.S.G. § 2L1.2 is not empirically based and that the guidelines sentence does not warrant a presumption of reasonableness. He maintains that his offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutes a mere international trespass and that the district court failed to take into account his personal history and characteristics, including his benign motive for reentering the United States, his lack of a violent criminal history, and his willingness to stay out of the United States in the future.

This court reviews the sentence for reasonableness, under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Where, as in this case, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

As Corona concedes, the contention that a defendant is entitled to relief because § 2L1.2 is not supported by empirical data has been rejected by this court. *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009). This court has also determined that the"international trespass" argument raised by Corona does not justify disturbing an otherwise presumptively reasonable sentence. *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court made an individualized sentencing decision based on the factors of the case in light of the factors set out in § 3553(a). *See Gall*, 552 U.S. at 49-50. In particular, the district court took into account Corona's numerous returns to the United States and his inability to prove that his circumstances had changed to a degree that would deter future illegal entries. The district court's conclusion that a within-guidelines sentence is entitled to deference, and we presume that it is reasonable. *See id.* at 51-52; *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *Newson*, 515 F.3d at 379. We see no reason to disturb the district court's discretionary decision to impose a sentence within the guidelines range. Consequently, the judgment of the district court is AFFIRMED.