# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-51088
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 4, 2012

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARDO RIVAS-GOMEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1755-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Gerardo Rivas-Gomez (Rivas) pleaded guilty to illegally reentering the United States following deportation and received a within-guidelines sentence of 46 months in prison, to be followed by a three-year term of supervised release. On appeal, Rivas argues that the sentence imposed is substantively unreasonable because it is greater than necessary to satisfy the statutory sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). If the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). "The presumption is rebutted only on a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Rivas asserts that the appellate presumption of reasonableness should not apply to his within-guidelines sentence because the illegal reentry Guideline, U.S.S.G. § 2L1.2, was not developed through empirical study. He concedes, however, that this contention is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Rivas raises the question to preserve it for possible further review.

In addition, Rivas complains that the guidelines range overstated the seriousness of his offense. He points to his benign reasons for returning to the United States. He also argues that his prior burglary conviction, which resulted in a 16-level enhancement, was too old to qualify for criminal history points and that if his sentencing had occurred one week later, he would have received only a 12-level enhancement. Rivas maintains that the age of his burglary conviction, combined with his relatively moderate criminal history, warranted a sentence below the applicable guidelines range.

The district court considered the factors asserted by Rivas and elected to impose a within-guidelines sentence. "[T]he staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences." *United States v. Rodriguez*,

660 F.3d 231, 234 (5th Cir. 2011).  Rivas's disagreement with the district court's weighing of the applicable sentencing factors does not show a "clear error of judgment in balancing sentencing factors" and thus does not overcome the presumption.  *Cooks*, 589 F.3d at 186; *see United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  Consequently, the judgment of the district court is AFFIRMED.