# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2012

No. 11-51065
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NILSON GABRIEL RIVERA-HERNANDEZ, also known as Nilson Gabriel
Hernandez-Pavon,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-515-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Nilson Gabriel Rivera-Hernandez appeals his 53-month within-Guidelines
guilty-plea sentence for illegal reentry, claiming his sentence is greater than
necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He maintains the
court: (1) failed to begin the sentencing analysis at the bottom of the advisory
Guidelines sentencing range; and (2) erroneously considered three prior minor
convictions that received no criminal history points, and an assault conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that resulted in a 16-level offense-level increase.  Rivera asserts that balancing the § 3553(a) factors properly would have resulted in a sentence at the low end of the sentencing range because his offense was only trespassory, he did not resist arrest, and he received shorter sentences for prior offenses.  Similarly, he claims his sentence is not entitled to a presumption of correctness because the illegal reentry Guideline, U.S.S.G. § 2L1.2, is not based on empirical data and national experience.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 48-51 (2007).  In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Rivera's failure to object at sentencing to the reasonableness of his sentence triggers plain error review.  *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  (He objects to that limited standard of review only to preserve the issue for possible further review.)  Among the factors necessary for plain error, he must show a clear or obvious error.  He fails to do so.

Rivera's empirical-data contention is foreclosed by our precedent.  *E.g.*, *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  He raises the issue only to preserve it for possible future review.  Also rejected is the assertion that a sentence under Guideline § 2L1.2 is unreasonable because illegal reentry is a mere trespass offense.  *E.g.*, *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Because Rivera's sentence is within the applicable advisory sentencing range, it is presumed reasonable.  *E.g.*, *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).  His disagreement with the propriety of his sentence and the

weight accorded to the § 3553(a) factors is insufficient to rebut that presumption. *E.g.*, *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He challenges the presumption only to preserve the issue for possible further review.

AFFIRMED.