# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2012

No. 12-50279
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE MIGUEL POLO VILLALOBOS, also known as Jose Polo, also known as
Jose Miguel Polo Billolobos,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1451-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Miguel Polo Villalobos appeals his 46-month within-Guidelines sentence pursuant to his guilty-plea conviction for illegal reentry. Defendant contends: his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a); the advisory Guidelines sentencing range was too severe because the district court failed to consider his benign motive for returning, his stated intention not to return, or that his reentry offense was, at bottom, a mere

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trespass; he deserved a lesser sentence based upon the disparity in fast-track early disposition programs; and his sentence is not entitled to a presumption of reasonableness because the illegal-reentry advisory sentencing Guideline, § 2L1.2, is not empirically based, given that it double-counts a defendant's criminal history.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly-preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Defendant does not claim procedural error. And, because he failed to object in district court to the substantive reasonableness of his sentence, review of the numerous issues raised here is only for plain error. *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).

Defendant asserts plain-error review should not apply because no objection is required to preserve the issue of the substantive reasonableness of a sentence. As he acknowledges, this contention is foreclosed by *Peltier*; he raises it only to preserve it for possible further review. To show plain error, Defendant must establish that the district court committed a clear or obvious error, which affected his substantial rights. *Id.* He fails to do so.

Defendant concedes his double-counting and fast-track contentions are foreclosed by our precedent. *E.g.*, *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). He raises them only to preserve them for possible further review.

Our court has also rejected the contention that a within-Guidelines sentence under Guideline § 2L1.2 is unreasonable because illegal reentry is a

mere trespass offense. *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Defendant's sentence, which is at the bottom of the applicable advisory Guidelines sentencing range, is presumed reasonable. *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). His disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut this presumption. *E.g.*, *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.