# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2013

Lyle W. Cayce
Clerk

No. 13-40221
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS MORA-FERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-892-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jesus Mora-Fernandez appeals his 96-month sentence imposed following his guilty plea conviction for illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326. Mora contends that the district court erred by allowing the Government to decline to move for the additional one-level reduction for acceptance of responsibility under Section 3E1.1(b) of the Sentencing Guidelines, based on his refusal to waive his right to appeal. He also alleges

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40221

that the district court erred by refusing to award the additional acceptance point in consideration of Mora's acceptance of responsibility.

Mora acknowledges that this court has held that a district court may not award a reduction pursuant to Section 3E1.1(b) absent a motion from the Government and that the "defendant's refusal to waive his right to appeal is a proper basis for the Government to decline to make such a motion." *United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008). Nevertheless, Mora contends this court should overrule *Newson* because, at the time of the briefing, the Sentencing Commission had submitted an amendment to Section 3E1.1(b) which provided that the Government should not refuse to move for the additional acceptance point on the ground that the defendant declined to waive his right to appeal; the amendment became effective on November 1, 2013. United States Sentencing Commission, Guidelines Manual, Supp. to Appendix C, Amendment 775, p. 43-45 (Nov. 1, 2013) (amending U.S.S.G. § 3E1.1(b)). The government contends that Mora's arguments remain foreclosed by *Newson* because this court will not consider on direct appeal sentencing guideline amendments intended to change current law.

We conclude that the district court committed no error in refusing to award the additional acceptance point. We cannot overrule *Newson*, because one panel of this court may not overrule the decision of another panel absent a superseding Supreme Court decision. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Moreover, courts are to use the Guidelines Manual in effect on the date of sentencing. U.S.S.G. § 1B1.11(a). We will, however, consider on direct appeal an amendment to the Sentencing Guidelines, "even though the amendment did not become effective until after sentencing, if it is intended to clarify application of a guideline and was not intended to make any substantive changes to it [the guideline] or its commentary." *United States v. Huff*, 370 F.3d 454, 466 (5th Cir. 2004) (internal

No. 13-40221

quotation marks omitted). As we explain, Amendment 775 is not simply clarifying.

When we have applied on direct appeal an amendment that took effect after a defendant's sentencing, "we have generally pointed to express language on the part of the Commission that the amendment is a clarifying one"; the Commission's failure to state that an "amendment is intended to be clarifying is evidence that it is substantive and hence inapplicable." *Id.* Other factors indicating an amendment is substantive include (1) that it is not listed in U.S.S.G. § 1B1.10(c) as being retroactively applicable, and (2) a statement by the Commission that the amendment addresses a circuit conflict. *United States v. Solis*, 675 F.3d 795, 798 (5th Cir. 2012). We held it was significant that the amendment there was directly inconsistent with the law clearly established in the circuit — a factor other circuits had concluded made amendments substantive in nature. *Huff*, 370 F.3d at 466-67. "That an amendment alters the language of commentary to a guideline rather than the language of the guideline itself may be some indication that it is not substantive." *Id.* at 466.

Here, while it was the commentary that was revised, the remaining factors identified in *Huff* and *Solis* indicate Amendment 775 is substantive. The Commission did not expressly describe the amendment as clarifying, and it is directly inconsistent with the law clearly established in this circuit by *Newson.* It is not listed in Section 1B1.10(c) as being retroactively applicable. Finally, the Commission has expressly stated that the amendment addresses a circuit conflict. *See* United States Sentencing Commission, Guidelines Manual, Supp. to Appendix C, Amendment 775, p. 43.

At sentencing, Mora's arguments were foreclosed by *Newson.* The later amendment to Section 3E1.1(b) does not compel a different result.

AFFIRMED.

3