# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40863
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

GUILLERMO JIMENEZ VASQUEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-930-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Guillermo Jimenez Vasquez ("Vasquez") appeals his sentence of forty-six months following a conviction on a guilty plea to illegal reentry under 8 U.S.C. § 1326.[1]

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Vasquez contends that his conviction should have been listed as a violation of 8 U.S.C. §1326(b)(1), not (b)(2). We agree and reform the judgment accordingly. *United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009).

No. 13-40863

Vasquez primarily argues that he was entitled to an additional one-level reduction under U.S.S.G. § 3.E.1.(b), but the Government refused to move for it because he did not agree to waive his right to appeal. *Cf. United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008)(holding that the Government has discretion to refuse to move for the reduction on the basis that the defendant refused to waive his appeal rights). He argues that recent amendments to the applicable comments make such conduct by the Government inappropriate and, therefore, he should have received the additional one-level reduction.[2] Although the sentence he received would be within the adjusted range, he contends that the alleged error in calculation was not harmless error.

The Government, citing *United States v. Mora-Fernandez*, 2013 U.S. App. LEXIS 24154 (5th Cir. 2013)(unpublished), *petition for cert. filed*, No. 13-8627 (U.S. Feb. 5, 2014), originally argued that the district court did not err, but if it did err, it was harmless error because the judge expressly stated "even without the guideline system, which are advisory, it would be the same sentence." *United States v. Valdez*, 726 F.3d 684, 697 (5th Cir. 2013)(evaluating harmlessness by looking at whether the district court would have imposed the same sentence for the same reasons); *United States v. Richardson*, 676 F.3d 491, 511-12 (5th Cir. 2012). Thereafter, the Government conceded error but did not amend its position that the error was harmless.

We conclude that it is unnecessary to decide whether the refusal to grant the additional one-level reduction was error because any such error was harmless. Where the court makes an unequivocal statement such as the one here and the sentence given would be within the adjusted range, the error is

---

[2] His guidelines range as calculated was 46-57 months; with the one-level reduction, it would have been 41-51 months.

2

No. 13-40863

harmless. *Valdez*, 726 F.3d at 698. Thus, we conclude that any error in denying the one-level decrease was harmless.

We REFORM the judgment to reflect that the statute of conviction is 8 U.S.C. § 1326(b)(1); as reformed, the judgment of conviction and sentence is AFFIRMED.